UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TITO FREDDY ONTIVEROS, *Legal/Status Active and in Good Standing Minnesota (SOS) File Number: 995833400035*, | Case No. 0:18-cv-1916-WMW-KMM |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| TITO FREDDY ONTIVEROS, | |
| Defendant. | |

This matter is before the Court on the Plaintiff's motion for summary judgment. Mot. for Summ. J., ECF No. 22. Because the Court concludes that the Plaintiff has failed to show that it is entitled to judgment as a matter of law, the Court recommends that the summary-judgment motion be denied. Moreover, based on its review of the entire record, the Court recommends that this action be dismissed with prejudice as frivolous.

I.   Plaintiff's Motion for Summary Judgment

The Complaint in this action alleges that the Plaintiff, Tito Freddy Ontiveros, is a corporation.[1] Compl. at 1 ("Plaintiff is incorporated under the laws of St. Paul, Minnesota, with its principal place of business in Minnesota."), ECF No. 1. The Plaintiff alleges that the Defendant, a Colorado corporation

---

[1]   A search of the Minnesota Secretary of State's website for registered businesses using the File Number provided by the Plaintiff indicates that "Tito Freddy Ontiveros" is, indeed, a corporation. https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=de8571d0-c905-e811-9155-00155d0d6f70.

1

which is also named Tito Freddy Ontiveros, converted the Plaintiff's private property for its own use. *Id.* Specifically, Plaintiff alleges that:

> The Private Property consists of [a] Re-registered Judgement [case no. 1:11-cr-00214-PAB-1] Registration No. 2019029095 and the Re-registered Certificate of Live Birth registration No. 2018013741, that is Private Property and is registered with the Denver County Records of Deeds Office located in Denver, Colorado, in the Wellington Building.

*Id.* The Plaintiff claims that the judgment and birth certificate are worth either $104 Billion or $104 Million, *id.* at 2, although no clear explanation is offered for how the defendant used the document or how doing so damaged anyone.

The corporate Plaintiff purports to be represented by an individual named Tito Freddy Ontiveros ("Mr. Ontiveros"), who is incarcerated in the Federal Correctional Institution in Florence, Colorado. Attached to the Complaint is a judgment in a criminal case, showing that on August 29, 2016, Mr. Ontiveros was found guilty of possessing a firearm as a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and of possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. ECF No. 1-4 at 10. Mr. Ontiveros asserts that he is the Chief Executive Officer of the corporate Plaintiff. *See, e.g.,* ECF No. 1-4 at 10 ("Ontiveros, Tito Freddy – CEO; dba TITO FREDDY ONTIVEROS").

Not long after bringing suit, the Plaintiff has now filed a motion for summary judgment. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Here, there are at least three reasons that the Plaintiff's motion for summary judgment should be denied. First, there is no indication that the Defendant has ever been served. Absent service, the Court does not have

jurisdiction over the Defendant and could not enter a summary judgment against it.

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)). Even if the Defendant has actual knowledge that this lawsuit exists, that knowledge does not give the Court personal jurisdiction over the Defendant in the absence of valid service. *Mid Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)). Because there is no indication that the Defendant has been properly served, it would be inappropriate to enter summary judgment against it. *Cf. Grand Entm't Gr., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.").

Second, the motion should be denied because the corporate Plaintiff is purportedly represented by Mr. Ontiveros, who is not an attorney. It is well-settled that a corporation cannot appear in federal court except through an attorney. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (recognizing that it has been established law "for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel"). As a non-lawyer, Mr. Ontiveros cannot represent a corporation in federal court. *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001). Because Mr. Ontiveros cannot bring claims on behalf of a corporate plaintiff, the motion for summary judgment and the supporting materials that have been filed are not properly before the Court.

Third, the Plaintiff has failed to show that it is entitled to judgment as a matter of law. Under Minnesota law, the tort of conversion "occurs where one willfully interferes with the personal property of another without lawful justification, depriving the lawful possessor of use and possession." *Williamson v. Prasciunas*, 661 N.W.2d 645, 649 (Minn. Ct. App. 2003); *see also DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (defining conversion as "an act of willful interference with personal property, done without lawful justification by which any person entitled thereto is deprived of use and possession") (internal quotation marks and citation omitted).

In the corporate Plaintiff's motion for summary judgment, it asserts that the corporation's CEO, Mr. Ontiveros, registered the judgment in his criminal case as private property. Pl.'s Mot. at 3. In support of the motion, the Plaintiff attaches a copy of "Certificate of Live Birth" from the Colorado Department of Public Health and Environment and a copy of the same criminal case Judgment attached to its Complaint. ECF No. 22-1. The Plaintiff contends that the Defendant had previously possessed the criminal case and birth certificate for over a year prior to that registration, thereby wrongfully interfering with the Plaintiff's use and possession of it. *Id.* Even if these documents were properly before the Court, they fail entirely to establish that the Defendant interfered with personal property that belongs to the Plaintiff.

For these reasons, the Plaintiff's motion for summary judgment should be denied.

## II.     Dismissal Is Appropriate

This case is arguably not governed by the Prison Litigation Reform Act's provisions that require each complaint filed by a federal prisoner to be screened to determine whether it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915A(b). Nor do the provisions of 28 U.S.C. § 1915(e)(2) apply here, because the plaintiff did not file this case seeking to proceed *in forma pauperis* ("IFP"). *See Radabaugh v. Corporation Trust Company*, No. 17-cv-1559 (JRT/BRT),

4

2017 WL 4023102, at *3 (D. Minn. Sept. 13, 2017) ("The provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A, which permit sua sponte dismissal of frivolous complaints for prisoners or plaintiff[s] proceeding in forma pauperis, do not apply here because Radabaugh paid the requisite filing fee.").

However, even where a plaintiff has paid the filing fee, a district court may dismiss a frivolous action under its inherent authority. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous' … action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (noting that district courts may *sua sponte* dismiss frivolous complaint prior to service); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."). Frivolous actions differ from those in which a complaint fails to state a claim because they lack even "an arguable basis either in law or in fact" or rely on an "indisputably meritless legal theory" or allegations that are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989); *Steven v. Mnuchin*, No. 17-mc-0061 (JRT/DTS), 2017 WL 8944030, at *1 & n.1 (D. Minn. Dec. 8, 2017) (same), *report and recommendation adopted by*, No. 17-mc-0061, 2018 WL 582477 (D. Minn. Jan. 29, 2018).

Based on its review of the record, the Court concludes this action is frivolous. The legal theory on which this claim is based is indisputably meritless. Mr. Ontiveros has formed a Minnesota corporation using his own name and is attempting to bring suit on the corporation's behalf. He also appears to have created a Colorado corporation using his own name, and both entities were likely created for the specific purpose of trying to pursue this lawsuit. The corporate Plaintiff is attempting to collect billions of dollars from the Colorado defendant based on a theory that Mr. Ontiveros' criminal judgment and his birth certificate are private property that the Colorado defendant unlawfully possessed. The

notion that these documents themselves constitute private property of such immense value is absurd, as is the idea that corporate entities seemingly created for the purpose of pursuing this lawsuit could deprive one another of their possession and use. The Court cannot fathom a basis in tort law to conclude that such a conversion claim may proceed and cannot discern any theory by which the plaintiff could be damaged. To allow this case to proceed would make the Court a party to a legal farce and waste judicial resources. For these reasons, this Court recommends that the action be dismissed with prejudice pursuant to the District Court's inherent power.

### III. Recommendation

Based on the discussion above, **IT IS HEREBY RECOMMENDED THAT:**

1. The Plaintiff's Motion for Summary Judgment **(ECF No. 22)** should be **DENIED**;
2. The "Motion to Correct the Record" **(ECF No. 21)** should be **DENIED AS MOOT**; and
3. Pursuant to the Court's inherent power, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c). This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14

days after the objections are filed; or (2) from the date a timely response is filed.

Date: February 25, 2019        <u>*s/Katherine Menendez*</u>
                               Katherine Menendez
                               Unite d States Magistrate Judge